JOHN D. BOWERS
Wyoming Bar # 6-3090
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002
john@1000.legal

*Counsel for The Town of Guernsey, Nick Paustian in his official and individual capacity, Kate Farmer in her official and individual capacity, and Kelly Augustine in his official and individual capacity*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TERRI VAN DAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 20-CV-60-S |
| vs. | ) | |
| | ) | |
| TOWN OF GUERNSEY, WYOMING, a | ) | |
| Wyoming municipal corporation; NICK | ) | |
| PAUSTIAN, as an individual and in his | ) | |
| Official capacity as the mayor of the Town | ) | |
| Of Guernsey; KATE FARMER, as an | ) | |
| individual and in her official capacity as the | ) | |
| clerk and treasurer for the Town of | ) | |
| Guernsey; KELLY AUGUSTINE, as an | ) | |
| individual and in his official capacity as | ) | |
| Councilman | ) | |
| | ) | |
| Defendants | ) | |

---

## DEFENDANTS THE TOWN OF GUERNSEY, WYOMING, NICK PAUSTIAN, KATE FARMER, AND KELLY AUGUSTINE IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COME NOW the above captioned Defendants, Town of Guernsey, Wyoming,

Nick Paustian, in his official and individual capacity as the mayor of the Town of Guernsey, Kate Farmer in her official and individual capacity as the clerk and treasurer for the Town of Guernsey, and Kelly Augustine in his official and individual capacity as councilman of the Town of Guernsey, by and through John D. Bowers of Bowers Law Firm PC hereby set forth their answer and affirmative defenses by respectfully informing the Court as follows:

## I. ANSWER

1.     In response to paragraph1 of the Plaintiff's Complaint, the allegations contained in paragraph one of the Plaintiff's Complaint are purportedly conclusions of law that do not require the Defendants to either admit or deny the same, but to the extent the paragraph's attempt to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

2.     In response to paragraph 2 of the Plaintiff's Complaint the Defendants admit paragraph 2 of the Plaintiff's Complaint.

3.     In response to paragraph 3 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 3 of the Plaintiff's Complaint. They admit that the Town of Guernsey is a Wyoming municipal corporation situated in Platte County, Wyoming. The Defendants deny each and every remaining allegation contained in paragraph 3 of the Plaintiff's Complaint.

4.     In response to paragraph 4 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 4 of the Plaintiff's Complaint. They admit that Nick Paustian was the mayor of Guernsey. The Defendants deny each and every other allegation contained within paragraph 4 of the Plaintiff's Complaint.

5.     In response to paragraph 5 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 5 of the Plaintiff's Complaint. They admit that Kelly Augustine was a town councilman. The Defendants deny each and every other allegation contained within paragraph 5 of the Plaintiff's Complaint.

6.      In response to paragraph 6 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 6 of the Plaintiff's Complaint. They admit that Kate Farmer was an employee of the Town of Guernsey. The Defendants deny each and every other allegation contained within paragraph 6 of the Plaintiff's Complaint.

7.      In response to paragraph 7 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 7 of the Plaintiff's Complaint. They admit that this Court has jurisdiction and venue over the allegations contained within the Plaintiff's Complaint. The Defendants deny each and every other allegation contained within paragraph 7 of the Plaintiff's Complaint.

8.      In response to paragraph 8 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief as to the allegations contained within paragraph 8 of the Plaintiff's Complaint and therefore, deny each and every allegation contained therein.

9.      In response to paragraph 9 of the Plaintiff's Complaint the Defendants deny paragraph 9 of the Plaintiff's Complaint.

10.     In response to paragraph 10 of the Plaintiff's Complaint the Defendants deny paragraph 10 of the Plaintiff's Complaint.

11.     In response to paragraph 11 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 11 of the Plaintiff's Complaint, and as such, deny paragraph 11 of the Plaintiff's Complaint.

12.     In response to paragraph 12 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 12 of the Plaintiff's Complaint. They admit that the Plaintiff was hired as the chief of police for the Town of Guernsey. The Defendants deny each and every other allegation contained within paragraph 12 of the Plaintiff's Complaint.

13.     In response to paragraph 13 of the Plaintiff's Complaint the

Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 13 of the Plaintiff's Complaint, and as such, deny paragraph 13 of the Plaintiff's Complaint.

14.     In response to paragraph 14 of the Plaintiff's Complaint the Defendants deny paragraph 14 of the Plaintiff's Complaint.

15.     In response to paragraph 15 of the Plaintiff's Complaint the Defendants deny paragraph 15 of the Plaintiff's Complaint.

16.     In response to paragraph 16 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 16 of the Plaintiff's Complaint, and as such, deny paragraph 16 of the Plaintiff's Complaint.

17.     In response to paragraph 17 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 17 of the Plaintiff's Complaint, and as such, deny paragraph 17 of the Plaintiff's Complaint.

18.     In response to paragraph 18 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 18 of the Plaintiff's Complaint, and as such, deny paragraph 18 of the Plaintiff's Complaint.

19.     In response to paragraph 19 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 19 of the Plaintiff's Complaint, and as such, deny paragraph 19 of the Plaintiff's Complaint.

20.     In response to paragraph 20 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 20 of the Plaintiff's Complaint, and as such, deny paragraph 20 of the Plaintiff's Complaint.

21.     In response to paragraph 21 of the Plaintiff's Complaint the

Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 21 of the Plaintiff's Complaint, and as such, deny paragraph 21 of the Plaintiff's Complaint.

22.     In response to paragraph 22 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 22 of the Plaintiff's Complaint, and as such, deny paragraph 22 of the Plaintiff's Complaint.

23.     In response to paragraph 23 of the Plaintiff's Complaint the Defendants deny paragraph 23 of the Plaintiff's Complaint.

24.     In response to paragraph 24 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 24 of the Plaintiff's Complaint, and as such, deny paragraph 24 of the Plaintiff's Complaint.

25.     In response to paragraph 25 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 25 of the Plaintiff's Complaint. They admit that the Plaintiff was an at-will employee. As to the remaining allegations, the Defendants are without sufficient knowledge, information or belief and therefore, deny each and every allegation contained in paragraph 25 of the Plaintiff's Complaint.

26.     In response to paragraph 26 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 26 of the Plaintiff's Complaint, and as such, deny paragraph 26 of the Plaintiff's Complaint.

27.     In response to paragraph 27 of the Plaintiff's Complaint, the allegations contained in paragraph one of the Plaintiff's Complaint are purportedly conclusions of law that do not require the Defendants to either admit or deny the same, but to the extent the paragraph's attempt to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained

therein.

28.     In response to paragraph 28 of the Plaintiff's Complaint, the Defendants re-allege and restate their answers as set forth above as if fully set forth herein.

29.     In response to paragraph 29 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 29 of the Plaintiff's Complaint. They admit only those constitutional and fundamental rights as set forth under the Constitution of the United States of America. The Defendants deny each and every other allegation contained within paragraph 29 of the Plaintiff's Complaint.

30.     In response to paragraph 30 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 30 of the Plaintiff's Complaint. They admit only the laws of the United States of America and the State of Wyoming which were in effect and relevant to the allegations contained within the Plaintiff's Complaint. The Defendants deny each and every other allegation contained within paragraph 30 of the Plaintiff's Complaint.

31.     In response to paragraph 31 of the Plaintiff's Complaint the Defendants deny paragraph 31 of the Plaintiff's Complaint.

32.     In response to paragraph 32 of the Plaintiff's Complaint the Defendants deny paragraph 32 of the Plaintiff's Complaint.

33.     In response to paragraph 33 of the Plaintiff's Complaint the Defendants deny paragraph 33 of the Plaintiff's Complaint.

34.     In response to paragraph 34 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 34 of the Plaintiff's Complaint. They admit only the laws of the United States of America and the State of Wyoming which were in effect and relevant to the allegations. The Defendants deny each and every other allegation contained within paragraph 34 of the Plaintiff's Complaint.

35.     In response to paragraph 35 of the Plaintiff's Complaint the Defendants deny paragraph 35 of the Plaintiff's Complaint.

36.     In response to paragraph 36 of the Plaintiff's Complaint the Defendants deny paragraph 36 of the Plaintiff's Complaint.

37.     In response to paragraph 37 of the Plaintiff's Complaint the Defendants deny paragraph 37 of the Plaintiff's Complaint.

38.     In response to paragraph 38 of the Plaintiff's Complaint, the Defendants re-allege and restate their answers as set forth above as if fully set forth herein.

39.     In response to paragraph 39 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 34 of the Plaintiff's Complaint. They admit only the laws of the State of Wyoming which were in effect and relevant to the allegations contained within the Plaintiff's Complaint. The Defendants deny each and every other allegation contained within paragraph 39 of the Plaintiff's Complaint.

40.     In response to paragraph 40 of the Plaintiff's Complaint the Defendants deny paragraph 40 of the Plaintiff's Complaint.

41.     In response to paragraph 41 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 41 of the Plaintiff's Complaint, and as such, deny paragraph 41 of the Plaintiff's Complaint.

42.     In response to paragraph 42 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 42 of the Plaintiff's Complaint, and as such, deny paragraph 42 of the Plaintiff's Complaint.

43.     In response to paragraph 43 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 43 of the Plaintiff's Complaint, and as such, deny paragraph 43 of the

Plaintiff's Complaint.

44.     In response to paragraph 44 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 44 of the Plaintiff's Complaint. They admit only the laws of the United States of America and the State of Wyoming which were in effect and relevant to the allegations contained within the Plaintiff's Complaint. The Defendants deny each and every other allegation contained within paragraph 44 of the Plaintiff's Complaint.

45.     In response to paragraph 45 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 45 of the Plaintiff's Complaint. They admit only the laws of the United States of America and the State of Wyoming which were in effect and relevant to the allegations contained within the Plaintiff's Complaint. The Defendants deny each and every other allegation contained within paragraph 45 of the Plaintiff's Complaint.

46.     In response to paragraph 46 of the Plaintiff's Complaint the Defendants deny paragraph 46 of the Plaintiff's Complaint.

47.     In response to paragraph 47 of the Plaintiff's Complaint the Defendants deny paragraph 47 of the Plaintiff's Complaint.

48.     In response to paragraph 48 of the Plaintiff's Complaint, the Defendants re-allege and restate their answers as set forth above as if fully set forth herein.

49.     In response to paragraph 49 of the Plaintiff's Complaint the Defendants deny paragraph 49 of the Plaintiff's Complaint.

50.     In response to paragraph 50 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 50 of the Plaintiff's Complaint. They admit only the Wyoming law that was in effect and relevant to the Plaintiff's allegations. The Defendants deny each and every other allegation contained within paragraph 50 of the Plaintiff's Complaint.

51.     In response to paragraph 51 of the Plaintiff's Complaint the

Defendants admit in part and deny in part paragraph 51 of the Plaintiff's Complaint. They admit only the Wyoming law that was in effect and relevant to the Plaintiff's allegations. The Defendants deny each and every other allegation contained within paragraph 51 of the Plaintiff's Complaint.

52.     In response to paragraph 52 of the Plaintiff's Complaint the Defendants deny paragraph 52 of the Plaintiff's Complaint.

53.     In response to paragraph 53 of the Plaintiff's Complaint the Defendants deny paragraph 53 of the Plaintiff's Complaint.

54.     In response to paragraph 54 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 54 of the Plaintiff's Complaint. The Defendants admit only the laws of the United States of America which were in effect and relevant to the Plaintiff's allegations. The Defendants deny each and every other allegation contained within paragraph 54 of the Plaintiff's Complaint.

55.     In response to paragraph 55 of the Plaintiff's Complaint the Defendants deny paragraph 55 of the Plaintiff's Complaint.

56.     In response to paragraph 56 of the Plaintiff's Complaint, the Defendants re-allege and restate their answers as set forth above as if fully set forth herein.

57.     In response to paragraph 57 of the Plaintiff's Complaint the Defendants deny paragraph 57 of the Plaintiff's Complaint.

58.     In response to paragraph 58 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 58 of the Plaintiff's Complaint. The Defendants admit only the laws of the State of Wyoming which were in effect and relevant to the Plaintiff's allegations. The Defendants deny each and every other allegation contained within paragraph 58 of the Plaintiff's Complaint.

59.     In response to paragraph 59 of the Plaintiff's Complaint, the

allegations contained in paragraph one of the Plaintiff's Complaint are purportedly conclusions of law that do not require the Defendants to either admit or deny the same, but to the extent the paragraph's attempt to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

60.     In response to paragraph 60 of the Plaintiff's Complaint, the Defendants re-allege and restate their answers as set forth above as if fully set forth herein.

61.     In response to paragraph 61 of the Plaintiff's Complaint the Defendants deny paragraph 61 of the Plaintiff's Complaint.

62.     In response to paragraph 62 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 62 of the Plaintiff's Complaint. The Defendants admit only the laws of the United States of America which were in effect and relevant to the Plaintiff's allegations. The Defendants deny each and every other allegation contained within paragraph 62 of the Plaintiff's Complaint.

63.     In response to paragraph 63 of the Plaintiff's Complaint, the Defendants re-allege and restate their answers as set forth above as if fully set forth herein.

64.     In response to paragraph 64 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 64 of the Plaintiff's Complaint. The Defendants admit that based upon the actions of the Plaintiff, there is no longer an employment relationship between the parties. The Defendants deny each and every other allegation contained within paragraph 64 of the Plaintiff's Complaint.

65.     In response to paragraph 65 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 65 of the Plaintiff's Complaint, and as such, deny paragraph 65 of the

Plaintiff's Complaint.

66.     In response to paragraph 66 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 66 of the Plaintiff's Complaint, and as such, deny paragraph 66 of the Plaintiff's Complaint.

67.     In response to paragraph 67 of the Plaintiff's Complaint the Defendants deny paragraph 67 of the Plaintiff's Complaint.

68.     In response to paragraph 68 of the Plaintiff's Complaint the Defendants deny paragraph 68 of the Plaintiff's Complaint.

69.     In response to paragraph 69 of the Plaintiff's Complaint the Defendants deny paragraph 69 of the Plaintiff's Complaint.

70.     In response to paragraph 70 of the Plaintiff's Complaint the Defendants deny paragraph 70 of the Plaintiff's Complaint.

71.     The Defendants deny any and all other allegations contained within the Plaintiff's Complaint unless specifically admitted herein.

## II. AFFIRMATIVE DEFENSES

72.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the pleading fails to state a claim upon which relief can be granted.

73.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

74.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to qualified immunity as a matter of fact and law from the claims and causes of action asserted therein.

75.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to sovereign immunity as a matter of fact and law from the claims and causes of action asserted therein.

76.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff has failed to mitigate any damages she may have incurred or suffered as the result of any action or conduct of the Defendants.

77.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that, to the extent any of the claims asserted are state law claims, the Plaintiff has failed to comply with the Wyoming Governmental Clams act, Wyo. Stat. §§ 1-39-101, *et seq.* (WGCA), to the extent that it applies to this action or to any of the claims or causes of action asserted therein, including, but not limited to the Plaintiff's failure to file a proper or timely notice of claim as a condition precedent to the filing of this action and failure to properly plead compliance with the WGCA and the Wyoming Constitution.

78.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that, to the extent any of the claims asserted are state law claims, the Plaintiff's claims or causes of action are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

79.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff is estopped by her conduct to assert any of the claims or causes of actions asserted therein.

80.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that their conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

81.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff failed to notify the Defendants of any alleged statutory violations when they occurred which prevented the Defendants from taking any remedial action and thereby is barred from asserting any of her claims or causes of action.

82.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that every action undertaken by the Defendants was taken in

good faith, and based upon good cause, legitimate reasons, and was consistent with and authorized by law, necessity, and privileged.

83.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of just cause.

84.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of consent and/or acquiescence.

85.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of release.

86.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of truth of statements made.

87.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the breach of duty and/or breach of contract.

88.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by being contrary to public policy.

89.     As a further and separate defense to the Plaintiff's Complaint, all or part of the Plaintiff's claims are prohibited by the doctrine of mootness.

90.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the relief requested is inappropriate, improper, and contrary to law.

91.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff's claims for punitive damages are not recognized or appropriate under existing law.

92.     Defendants respectfully reserve the right to serve further or additional affirmative defenses to the Plaintiff's claims as further investigation and discovery warrant.

### III. DEMAND FOR JURY TRIAL

The Defendants hereby request that the above-entitled matter by tried to a six person jury.

WHEREFORE, the Defendants respectfully request that the Plaintiff's Complaint and claims for relief stated therein be dismissed with prejudice, that the Defendants be allowed their costs, and for such other further relief as the Court deems proper in the premises.

RESPECTFULLY SUBMITTED this 28th day of April, 2020.

        /s/   *John D. Bowers*
JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Counsel for Defendants
The Town of Guernsey, Wyoming;
Nick Paustian in his official and individual
capacity; Kate Farmer in her official and
individual capacity; Kelly Augustine in
his official and individual capacity

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer, Affirmative Defenses and Jury Demand was served on April 28, 2020 as follows:

Bruce S. Asay                           [_____] US Mail
Gregory B. Asay                         [_____] Fed Ex
1812 Pebrican Avenue                    [_____] Facsimile
Cheyenne, WY 82001                      [_____] Hand Delivery
Telephone: 307-632-2888                 [_____] E-mail
Facsimile: 307-632-2828                 [____X_____] E-filed
basay@associatedlegal.com
greg@associatedlegal.com


                                        /s/   *John D. Bowers*
                                        JOHN D. BOWERS
                                        Bowers Law Firm, PC
                                        P.O. Box 1550
                                        Afton, WY 83110
                                        Counsel for Defendants
                                        The Town of Guernsey, Wyoming;
                                        Nick Paustian in his official and individual
                                        capacity; Kate Farmer in her official and
                                        individual capacity; Kelly Augustine in
                                        his official and individual capacity